UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DESI LIGGINS, ) <br> ) <br> Plaintiff ) <br> v. ) <br> ) <br> INDIANA CHILD SUPPORT ) <br> BUREAU, *et al.*, ) <br> ) <br> Defendant. ) | Cause No. 3:18-CV-486 RLM |

## OPINION AND ORDER

Desi Lamont Liggins filed a complaint against the Indiana Child Support Bureau and the Marshall County Child Support Bureau. Mr. Liggins also moves to proceed in forma pauperis against both entities. Mr. Liggins qualifies for a filing fee waiver, but his complaint doesn't state a claim on which relief can be granted. Accordingly, Mr. Liggins' motion to proceed in forma pauperis is denied and his case is dismissed.

This court "may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim." Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The court is also compelled to dismiss an in forma pauperis complaint if it fails to state a claim under 28 U.S.C. § 1915(e)(2)(B). 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6) employ the same standard. Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1027 (7th Cir. 2013). To state a claim on which relief can be granted, a complaint need only contain a short and plain statement showing that the plaintiff is entitled to relief. *See* EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007).

The court accepts as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of Mr. Liggins. *See* Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009). A complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Adams v. City of Indianapolis, 742 F.3d 720, 728 (7th Cir. 2014). "Specific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The court will interpret Mr. Liggins's complaint liberally because he's litigating without counsel. *See* Ray v. Clements, 700 F.3d 993, 1002 (7th Cir. 2012).

Mr. Liggins claims that Marshall County denied his modification of child support after his wife fraudulently placed him on child support. Mr. Liggins also contends that Marshall County garnished his wages to pay for child support without first properly serving him. Mr. Liggins asks the court to order the defendants to "discharge the obligation" of child support and "the debts associated with it," and to award him $300,000 in damages.

The court lacks subject-matter jurisdiction to hear this case.[1] Mr. Liggins asserts causes of action under both 42 U.S.C. § 1983 ("Civil action for deprivation of rights") and 18 U.S.C. § 241 ("Conspiracy against rights"). 18

---

[1] While Mr. Liggins does not claim subject-matter jurisdiction based on diversity, the court notes that all parties are citizens of Indiana and so are not diverse under 26 U.S.C. § 1332.

2

U.S.C. § 241 is a criminal provision and doesn't provide a basis for civil liability. Lerch v. Boyer, 929 F. Supp. 319, 322 (N.D. Ind. March 25, 1996); Pawelek v. Paramount Studios Corp., 571 F. Supp. 1082, 1803 (N.D. Ill. Sept. 27, 1983). Mr. Liggins's 18 U.S.C. § 241 claim must be dismissed.

42 U.S.C. § 1983 is the proper mechanism to bring a private right of action against a municipal or state instrumentality, but there are caveats to the types of lawsuits can be brought under 42 U.S.C. § 1983. One of these caveats are domestic-relations lawsuits. The "domestic-relations exception" discourages federal courts from hearing cases – including both diversity and federal-question lawsuits – that would traditionally fall within the ambit of domestic-relations or family courts. Jones v. Brennan, 465 F.3d 304, 306 (7th Cir. 2006); Marshall v. Marshall, 547 U.S. 293, 305-306 (2006); Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); Friedlander v. Friedlander, 149 F.3d 739, 740 (7th Cir. 1998).

The exception itself covers a "narrow range of domestic relations issues involving the granting of divorce, decrees of alimony," and child custody orders. Ankenbrandt v. Richards, 504 U.S. at 701–702. It is "materially identical" to the probate exception. Struck v. Cook Cnty. Pub. Guardian, 508 F.3d 858, 859 (7th Cir. 2007); Jones v. Brennan, 465 F.3d at 306–307 (probate exception); Allen v. Allen, 48 F.3d at 262 n.3 (7th Cir. 1995) (domestic relations exception). Both are construed narrowly, with a focus on the need to prevent federal courts from "disturb[ing] or affect[ing] the possession of property in the custody of a state court." Marshall v. Marshall, 547 U.S. at 311 (quoting Markham v. Allen, 326 U.S. 490, 494 (1946)). Mr. Liggins's claims against the Indiana Child Support

3

Bureau and the Marshall County Child Support Bureau aren't claims over which the district court has jurisdiction. <u>Dawaji v. Askar</u>, 618 Fed. Appx. 858, 860 (7th Cir. 2015) (no jurisdiction over child support payments); <u>Friedlander v. Friedlander</u>, 149 F.3d 739, 740 (7th Cir.1998) (same). Mr. Liggins's 42 U.S.C. § 1983 must therefore be dismissed.

The court DENIES Mr. Liggins' motion for leave to proceed in forma pauperis [Doc. No. 2] and DISMISSES his complaint [Doc. No. 1]. The Clerk is directed to enter judgment accordingly.

SO ORDERED.

ENTERED:  August 24, 2018

       /s/ Robert L. Miller, Jr.
  Judge, United States District Court